## Case No. 18,284.

### COSTS IN CIVIL CASES.

[1 Blatchf. 652.] [1]

Circuit Court, S. D. New York. May, 1852.

#### COSTS IN CIVIL CASES.

1. The right of the prevailing party to recover costs is recognized in the judiciary act of 1789, and in numerous acts of congress passed since down to the present day.

2. All of them assume that the costs which have been taxed and usually allowed by the practice of the courts are to be recovered.

3. The usage and practice of the circuit courts of the United States in taxing costs have uniformly been to apply the general rule prescribed in the act of September 29, 1789 (1 Stat. 93, § 2), which act is not now in force, namely, to fix the rate according to the fee bill of the state, altering the rate from time to time by rule of court, to correspond with it as altered by state legislation.

4. This has been the usage for fifty years in the circuit courts in the Second circuit.

5. Taxing officers in the circuit courts in New York must look to the fee bill of the state of New York, as found in chapter 386 of the Laws of 1840, as amended by chapter 273 of the Laws of 1844 (2 Rev. St. N. Y., 3d Ed., pp. 722-725), as the rule to guide them in the taxation of costs in the circuit court in cases at common law, and to the equity fee bill (2 Rev. St. N. Y. pp. 629, 630) in cases in chancery.

6. If there are any items of service not provided for in those bills, the practice is to refer to some previous fee bill, in which an allowance is found for a service corresponding with the one in this court.

[Cited in The Advance, 60 Fed. 423.]

7. The act of the legislature of New York, abolishing all costs and fees to attorneys and counsel (Laws N. Y. 1849, c. 438, § 303), does not affect the question of costs in the federal courts.

8. But the rate of those costs is limited to that prescribed by the fee bills of the state, as they existed at the time of such abolition.

9. The thirty-fourth section of the judiciary act of 1789 (1 Stat. 92) has no application to the proceedings or practice of the courts, but relates to the rules of decision as to the rights of persons and of property, in the trial of civil causes at common law.

10. Semble, that congress has no power to abrogate the distinction between actions at law and suits in equity, which is recognized by article 3, § 2, of the constitution.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

---

[1] [Reported by Samuel Blatchford Esq.]

The question of the proper rate of costs to be allowed and taxed for the services of attorneys, solicitors, and counsel, in civil suits, at law or in equity, in the circuit courts of the United States, having been submitted to Mr. Justice NELSON, in May, 1852, he delivered the following opinion:

NELSON, Circuit Justice. The act of September 29, 1789 (1 Stat. 93, § 2), provided that the rates of fees in the circuit and district courts of the United States, in suits at common law, should be the same as were allowed in the supreme court of the state, and the rates of fees in equity cases should be according to those allowed in the chancery court of the state. This act was to continue only until the end of the next session of congress.

The act of May 26, 1790 (1 Stat. 123), continued the act of 1789 until the end of the succeeding session, and no longer. It was again continued by the act of February 18, 1791 (1 Stat. 191), until the end of the next session. This last act was repealed by the eighth section of the act of May 8, 1792 (1 Stat. 278).

The act of March 1, 1793 (1 Stat. 333, § 4), provided that there should be allowed and taxed in the circuit courts of the United States, in favor of the parties obtaining judgments therein, such compensation for their travel and attendance, and for attorneys' and counsellors' fees, "as are allowed in the supreme or superior courts of the respective states." The duration of this act also was limited to the end of the next session of congress. It was continued another year by the act of February 25, 1795 (1 Stat. 419), and was again continued by the act of March 31, 1796 (1 Stat. 451), for the term of two years, and from thence to the end of the next session of congress thereafter. It then expired.

Since this last act I have not been able to find any one prescribing the rate of fees to attorneys and counsel in the circuit courts of the United States. The right of the prevailing party to recover costs is, however, recognized and admitted in the judiciary act of 1789, and in numerous acts of congress that have been passed from time to time since that period down to the present day. All of them assume that the costs which have been taxed and usually allowed by the practice of the courts are to be recovered. A collection of these acts will be found in Mr. Law's recent work, which contains much useful information in a succinct form, entitled "The Jurisdiction and Powers of the United States Courts," etc., at page 255, and by Mr. Justice Woodbury, in Hathaway v. Roach [Case No. 6,213]; and the usage and practice of the circuit courts in taxing costs have uniformly been to apply the general rule prescribed in the act of September 29, 1789, namely, to fix the rate according to the fee bill of the state. This has also been done from time to time by the rules of the circuit courts, as the rates of fees were altered by state legislation so as to conform to the existing regulations. This usage has prevailed for the last fifty years in the circuit courts of the United States in the Second circuit, and, as I understand, in the other circuits also, where a fee bill exists in the state courts. See case above cited.

The last rule on the subject in the circuit court for the Southern district of New York was adopted June 28, 1845. That rule applies to cases at common law and in equity, between parties, the same principle as it respects the fees of attorneys, solicitors, and counsel, that had been applied to the attorney of the United States by the acts of 1841 and 1842—Act March 3, 1841 (5 Stat. 427); Act May 18, 1842 (5 Stat. 484)—in respect to the rate of fees allowed to him; and which is the same rate that is allowed to attorneys, solicitors, and counsel, in the highest courts of law or equity of original jurisdiction of the state, according to the nature of the proceedings for like services rendered therein. And where, according to the course of practice in the circuit court, a service is rendered for which no fees are appointed specifically by act of congress, or by the state law, the same rate of compensation is taxable as is allowed therefor by the usage or adjudication of the circuit court or of the supreme court of the United States. The above is the substance of the rate of fees as prescribed in the acts of congress of 1841 and 1842, before named. See, also, District Attorneys' Fees [Case No. 18,290].

The taxing officers, therefore, must look to the fee bill of the state of New York, as found in chapter 386 of the Laws of 1840, as amended by chapter 273 of the Laws of 1844 (see this fee bill in 2 Rev. St. N. Y., 3d Ed., pp. 722–725), as the rule to guide them in the taxation of costs in the circuit in cases at common law, and to the equity fee bill (2 Rev. St. N. Y. pp. 629, 630) in cases in chancery.

As the pleadings and practice in the circuit court of the United States conform substantially to the pleadings and practice in the supreme court of the state, as they existed at the time those state fee bills were established, there can be but few items of service that are not provided for in those bills. If there happen to be any, the practice has been to refer to some previous fee bill, in which an allowance is found for a service corresponding with the one in this court. But such instances are comparatively few, and the state fee bills which have been referred to will, therefore, furnish, in most cases, a fixed guide for the taxing officer.

Since the fee bills, as found in the third edition of the Revised Statutes, were enacted, the legislature of the state have abolished all costs and fees to attorneys and counsel, leaving the measure of compensation to an agreement between them and their client. Laws N. Y. 1849, c. 438, § 303; Blatchford's Ed. St. N. Y. 265. This, however, does not affect the question of costs in the federal courts. The right to costs, as recognized and admitted by the several acts of congress to which I have referred, still remains, but the rate of the fees is necessarily limited to that prescribed by the fee bills of the state, as they existed at the time of the abolition of all costs to attorneys and counsel.

The right of the prevailing party to recover costs generally in all cases, at law and in equity, is given by acts of congress, either expressly or by necessary implication; and, for some ten years, the rates of fees were prescribed by a statute adopting the state fee bill. But, by some oversight, this act was allowed to expire; since which time the principle of the statute has been recognized and applied by the usage and practice of the courts, by allowing the rates of fees for like services in the supreme courts and courts of equity of the states, as the case may be. This seems to have been necessary, in order to carry out practically the right given to the prevailing party to recover costs. The rate of fees allowed to attorneys, solicitors, and counsel, in cases at law and in equity in the courts of the United States, has stood on this footing for more than fifty years. I take the rule, therefore, as to their compensation, as I found it on coming into this court, and shall administer it accordingly. I do not think the thirty-fourth section of the judiciary act of 1789 (1 Stat. 92) can be invoked in aid of the view that the question of costs in the federal courts is affected by the statute of New York abolishing all costs, as that section has no application to the proceedings or practice of the courts, but relates to the rules of decision as to the rights of persons and of property in the trial of civil causes at common law.

The legislature of New York have also abolished the distinction between actions at law and suits in equity, as well as the forms of all such actions and suits, and blended them into

one. Laws N. Y. 1849, c. 438, § 69; Blatchford's Ed. St. N. Y. 222. This distinction is recognized in the constitution of the United States (article 3, § 2), and I suppose, therefore, that congress possesses no power to abrogate it. And, from the lights of experience thus far under the new system, so far as I am advised, the policy of any such change would be even more than doubtful. The pleadings are more voluminous, the issues of fact more complicated and confused, and the adjudications rest more upon the arbitrary discretion of the courts, than in proceedings according to the course of the common law.

Even if costs, therefore, had been given under the new system of the administration of justice in the state of New York, of which I have been speaking, there would be great difficulty in the application of the rates of compensation to the proceedings in the federal courts. The pleadings and practice, and indeed the whole course of proceeding, in these courts, are so diverse and variant from those in the state courts that the services rendered in a cause by the attorneys and solicitors would possess very little in common with those rendered by the same officers in the state courts.