## SCHMIEDER and others *v.* BARNEY.

*(Circuit Court, S. D. New York.* April 2, 1881.)

1. PRACTICE—ATTORNEY'S DOCKET FEE—TRIAL—REV. ST. § 824.

In a suit at law there were three trials before a jury, resulting upon the first trial in a verdict for the plaintiff, but followed, upon the second and third trials, in two separate verdicts for the defendant. *Held*, under section 824 of the Revised Statutes, that the defendant's attorney was entitled to a docket fee of $20 for each of the three trials.—[ED.

*Almon·W. Griswold,* for plaintiffs.

*Thomas Greenwood,* Asst. Dist. Att'y, for defendant.

BLATCHFORD, C. J. In this case, a suit at law, there were three trials before a jury. In the first there was a verdict for the plaintiffs, in the second a verdict for the defendant, and in the third a verdict for the defendant. In taxing the defendant's costs, after the third verdict, the clerk allowed an attorney's trial fee of $20 to the defendant for each of the three trials. The plaintiffs have appealed from such allowance, claiming that but one trial fee of $20 should be allowed. The provision of the statute (Rev. St. § 824) is that the compensation to be taxed and allowed to an attorney, "on a trial before a jury," in a civil case, shall be "a docket fee of $20." There have been three trials before a jury in this case. It has required such three trials to enable the defendant to secure the present result. The plaintiffs had the first verdict, and the defendant obtained a new trial. The defendant had the second verdict, but the plaintiffs obtained a new trial. Each of the three trials was a complete trial. A trial is not deprived of its character as a trial in fact because the verdict

is set aside and a new trial is granted. The very granting of a new trial implies that the proceedings which resulted in the prior verdict was a trial. The docket fee is allowed for "a trial." Each trial is a trial, and a docket fee of $20 for each trial is allowable now, although the verdict at the first trial was for the plaintiff, and although the first verdict for the defendant was set aside. The present verdict for the defendant gives him a right to now tax in his favor the three docket fees. The practice in the state courts of New York is to the same effect. *Hamilton* v. *Butler,* 4 Rob. 654; *Strong* v. *Day,* 44 How. Pr. Rep. 390; *Howell* v. *Van Siclen,* 8 Hun. 524.

NOTE. In the *Bay City,* 3 FED. REP. 47, the court held that the fee was taxable under section 824, whenever the trial was entered upon by the swearing of a jury in a common-law case, or by the introduction of testimony, or the final opening of the argument upon a final hearing in equity or admiralty. "The fee," said the court, "is not made by the statute to depend upon a judgment or decree, but is taxable on a trial or final hearing." The fee was therefore allowed in that case, which was a suit in admiralty, upon a discontinuance by the libellant after the evidence upon both sides had been concluded. In *Shafer* v. *Carr,* 6 FED. REP. 466, in an action by an assignee to recover the assets of a bankrupt, two trials were had, but the jury disagreed in both instances, and the case was finally discontinued. Under these circumstances it was held that there had been no "trial before a jury," within the terms of section 824, which would authorize a taxation of a docket fee of $20.

In this connection, a reference to the case of *Osborn* v. *Osborn,* 5 FED. REP. 389, may not be inappropriate. In that suit, which was equitable in its character, certain questions had been submitted to a jury, under the provisions of a state statute, but by reason of a disagreement no verdict was found. The court there held that there had been no such final hearing or trial in the state court as would prevent the case from being removed into the federal court under the provisions of the "Local Prejudice Act." "The verdict of the jury," said the court, "becomes a necessary part of the final trial of the case."—[ED.