WILLIAMS and others *v.* MORRISON and others.

(*Circuit Court, E. D. Missouri, E. D.*   October 29, 1887.)

1. COSTS—DOCKET FEE.
    In a law case, where there is a final trial before a jury, the attorney's docket fee of $20 allowed by Rev St. U S. §§ 823, 824, is always to be taxed; and it is for the court to determine who is the prevailing party.

2. SAME.
    The plaintiff in replevin recovered four-fifths of the property claimed. The verdict was set aside, and a new trial ordered, which resulted in a judgment that the plaintiff retain seven-eighths of the property replevied, and that he return to the defendant the remaining eighth. *Held*, that the plaintiff was the prevailing party, and that his counsel was entitled for each trial to the docket fee of $20 allowed by Rev. St. U. S. §§ 823, 824.

At Law.   On taxation of costs.
*George A. Castleman*, for plaintiffs.
*Frank M. Estes*, for defendants.

THAYER, J., (*orally.*)   In the case of *John H. Williams* against *Jasper N. Morrison*, a question was presented to me yesterday relative to the taxation of costs in that case. The question is whether the plaintiffs' counsel is entitled to one docket fee of $20, or to two docket fees of $20 each.

The suit is an action in replevin. It was tried at the October term, 1886, before a jury, and the plaintiff recovered about four-fifths of the property claimed. 28 Fed. Rep. 872. The verdict was afterwards set aside, and a new trial granted. 29 Fed. Rep. 282. It was tried again at the present term, and the plaintiff recovered a verdict for about seven-eighths of the property claimed. Cross-judgments were entered in the case. There was a judgment in favor of the plaintiff that he retain possession of that part of the property which the jury awarded to him, and a judgment in favor of the defendant that plaintiff restore to the defendant the other one-eighth of the property.

Under sections 823, 824, Rev. St. U. S., plaintiff's counsel claims that two docket fees should be taxed. I find that in the case of *Dedekam* v. *Vose*, reported in 3 Blatchf. 77, and decided by Judges NELSON and BETTS, it was ruled that when a case had been on the docket at one term, and was continued and tried at a second term, only one docket fee of $20 should be allowed. In the same case, before Judge BETTS, reported in 3 Blatchf. 153, after there had been a final hearing and decree in the case, and a docket fee of $20 taxed, there was a supplementary proceeding, (it being an admiralty suit,) in which the libelant asked an order against the sureties in the stipulation to compel them to pay into court the amount of the stipulation, and a docket fee of $20 was taxed by the clerk on account of the hearing of the motion, which the court struck out, saying that the law allows but a single docket fee, and that on final hearing. Then, in the case of *Iron & Nail Co.* v. *Corning*, 7 Blatchf. 16, decided by Judge NELSON, it was remarked that a docket fee of $20 was "the highest compensation allowed to a solicitor, and that it can be allowed but once;" citing the case of *Dedekam* v. *Vose*, 3 Blatchf. 77 and 153. This last case, however, (the *Iron & Nail Co.* v. *Corning*,) was an equity case, and the report does not show whether there had been more than one final hearing. The inference is that a second docket fee of $20 had been claimed in the case on account of a trial of some motion or proceeding incidental to the case, and not on account of a final hearing. Of course, in that event, the docket fee of $20 claimed was not within the language of the statute, which only allows the charge on final hearings in equity and admiralty causes, and it was properly stricken out for that reason. The same remark may be made respecting the claims for a docket fee in the case of *Dedekam* v. *Vose*, 3 Blatchf. 77 and 153. In neither of those instances was a claim made for a docket fee on account of a final hearing in the case. The remark, volunteered in each instance above cited, that a docket fee could be allowed but once in a cause, seems to have been unnecessary.

In the case of *Schmieder* v. *Barney*, decided by Judge BLATCHFORD when circuit judge, and reported in 7 Fed. Rep. 451, it appears that there were three trials. The first one resulted in a verdict for the plaintiff, and the other two resulted in a verdict for the defendant, and it was held in that case that a docket fee should be taxed for a trial whether the verdict stands or is set aside, and that defendant's attorney in that case was entitled to a docket fee of $20 for each trial, the defendant be-

ing the prevailing party. Of course, the last decision cited fits the present case, as there were two trials in the present case before a jury. It seems to me, also, that the statute does not make the docket fee to depend upon whether the verdict rendered stands or is set aside. It allows compensation to the attorney for services rendered on each final hearing of a case, and, as there have been two trials in this case, two docket fees should be allowed.

I was at first disposed to take the view that this case was distinguished from the case of *Schmieder* v. *Barney*, in that there were cross-judgments in this case, the plaintiff not having succeeded in maintaining his claim to all the property for which he sued. I think, however, that that view is inadmissible. The logical result of that view of the case would be that in this instance there was no prevailing party, and that no docket fee could be taxed. I think in a law case, where there is a final trial before a jury, a docket fee is always to be taxed, and that the court must determine who is the prevailing party. In this case, as the plaintiff recovered seven-eights of the property claimed, and as the defendant contested his right to any of the property, the plaintiff should be esteemed the prevailing party to the same extent as if he had sued for $800, and had only recovered $700. A docket fee should be taxed for each trial, and it will be so ordered.