## CLEAVER *v.* TRADERS' INS. CO.

*(Circuit Court, E. D. Michigan. December 30, 1889.)*

1. COSTS—IN FEDERAL COURTS—COSTS BEFORE REMOVAL.
    In cases removed from the state court, costs accrued prior to such removal are taxable upon final judgment here.
2. SAME—DOCKET FEE.
    The docket fee of $20, taxable upon a trial or final hearing, is taxable but once, and then only upon that examination of the law or facts which results in the final disposition of the case. It is not taxable where the jury has disagreed.

*(Syllabus by the Court.)*

On Appeal from Clerk's Taxation of Costs.

*C. P. Black,* for plaintiff.

*L. D. Norris,* for defendant.

BROWN, J. Defendant appeals from the following items of costs taxed against it by the clerk:

1. Costs accrued in the state court prior to the removal of the case here. The action was originally begun in the circuit court for Tuscola county, was tried there twice, was twice carried to the supreme court, (32 N. W. Rep. 660, 39 N. W. Rep. 571,) and reversed, and was then removed to this court upon the petition of the defendant, where it was

also tried twice (*ante*, 711) before a verdict was reached. It has always been customary in the two districts of this state to allow the prevailing party his costs in the state court up to the time of removal. This point was expressly passed upon by my predecessor, Judge LONGYEAR, in *Wolf* v. *Insurance Co.*, 1 Flip. 377; and it appears from his opinion that Judge WITHEY had made a similar decision in the western district. It is true a different rule seems to obtain in the second circuit, (*Clare* v. *Bank*, 14 Blatchf. 445; *Chadbourne* v. *Insurance Co.*, 31 Fed. Rep. 625,) but the propriety of such allowance in this district is too firmly established to be now disturbed. It is true these costs are not contemplated by sections 823 and 824, but, in our opinion, these sections were intended to apply only to cases originally commenced here. There is no doubt that cases removed from the state court are taken by this court in the precise condition in which they leave the state court, and that all orders made and rights accrued will be respected here. *Williams* v. *Conger*, 125 U. S. 397, 8 Sup. Ct. Rep. 933; *Loomis* v. *Carrington*, 18 Fed. Rep. 97; *Davis* v. *Railroad Co.*, 25 Fed. Rep. 786; *Bryant* v. *Thompson*, 27 Fed. Rep. 881. We see no reason why an inchoate right to costs which must ultimately become perfected by the entry of a judgment should not fall within this category. As the plaintiff originally began his action in the state court, and was forced into this forum against his will, it is manifest injustice that he should be put to any pecuniary loss by such action, and we should not so construe this statute unless its language inexorably demanded it. This exception is overruled.

2. The taxation of a double docket fee of $20. The case was tried in May last, and the jury disagreed. The question is whether the plaintiff is entitled to an attorney's fee of $20 upon this trial, as well as upon the second trial, which resulted in a verdict. In the case of *Stove-Works* v. *Perry*, (unreported,) decided in 1879, in which the verdict on the first trial was set aside, it was held that the docket fee was taxable but once, and we see no reason to change our opinion. We decided this case upon the authority of *Dedekam* v. *Vose*, 3 Blatchf. 77, 153, in which it was held that the docket fee of $20 was taxable but once. This ruling was repeated by Mr. Justice NELSON in *Factory* v. *Corning*, 7 Blatchf. 16, though the facts upon which the disallowance was made do not appear from the report of the case. In *Strafer* v. *Carr*, 6 Fed. Rep. 466, an attempt was made to tax a docket fee upon a trial wherein the jury disagreed, and it was held by Judge SWING that the docket fee applied only to trials which resulted in a verdict and judgment. This case is precisely in point. There is no conflict between it and *The Bay City*, 3 Fed. Rep. 47, wherein I held that the right to the docket fee attached as soon as the trial was begun, although the case was discontinued before it was concluded. It is merely necessary that the language of Judge SWING be read in connection with the facts of the case, to see that there is no want of harmony in the two adjudications. In *Coy* v. *Perkins*, 13 Fed. Rep. 111, it was said by Mr. Justice GRAY, Judge LOWELL concurring:

"We are of opinion that, upon the face of the statute, the intention of the legislature is manifest that it is only where some question of law or fact

involved in or leading to the final disposition actually made of the case has been submitted, or, at least, presented, to the consideration of the court, that there can be said to have been a final hearing which warrants the taxation of the solicitor's or proctor's fee of $20."

In this case it was held that where an order was obtained dismissing a bill with costs, without notice to the defendant or consideration of the case by the court, the docket fee of $20 should not be allowed. In *Huntress* v. *Town of Epsom*, 15 Fed. Rep. 732, it was held by Judge CLARK that, where there had been two trials of a case, the first of which resulted in a disagreement of the jury, and the second in a verdict, but one docket fee of $20 would be allowed. This case is also directly in point. I am aware that some recent cases in New York announce a different rule. *Schmieder* v. *Barney*, 19 Blatchf. 143, 7 Fed. Rep. 451; *Wooster* v. *Handy*, 23 Fed. Rep. 49. But we do not find this construction of the statute to have been adopted in other districts. The Michigan authorities are no guide to us in this connection, since by the express language of the statute an attorney's fee is allowed for "every trial" of issues of fact. How. St. § 9004. The language of the New York Code is the same, and for that reason the cases cited in *Schmieder* v. *Barney* are inapplicable. By section 824, the docket fee is allowable "on a trial before a jury," "or on a final hearing in equity or admiralty." It has always seemed to us that the words "trial" and "final hearing" contemplated in each case that examination of the law or facts which resulted in the final disposition of the case. We have always understood the law to be as stated by Judge DEADY in *Fisk* v. *Henarie*, 32 Fed. Rep. 427, that, "where a jury is discharged without a verdict, the proceeding is properly known as a mistrial; and, where a verdict is set aside because it ought not to stand, the result is the same. The proceeding has miscarried, and the consequence is not a trial, but a mistrial." Upon the whole, while the question is not free from doubt, we prefer to adhere to the opinion originally expressed by us. This exception is therefore sustained.