### HOWLER v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. January 26, 1909.)

#### No. 221.

1. Costs (§ 173*)—Docket Fee—"Trial by Jury."

Rev. St. § 823 (U. S. Comp. St. 1901, p. 632), provides, that the following, and no other, compensation shall be taxed and allowed to attorneys in the courts of the United States, and section 824 declares that "on a trial before a jury," in civil or criminal causes, a docket fee of $20 shall be allowed. *Held*, that "trial by jury," as so used, contemplated, not only an examination and hearing of evidence before a jury, but a determination of the question at issue, or a final submission of the cause for such determination, so that, on a case on trial before a jury being settled pursuant to a stipulation before submission, no docket fee was allowable.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 689; Dec. Dig. § 173.*

For other definitions, see Words and Phrases, vol. 8, pp. 7103–7107, 7821.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Costs (§ 44\*)—Attorney's Fees—"Discontinued."**

Where, pending trial to a jury, the case was settled pursuant to stipulation before submission, it was not "discontinued," within Rev. St. § 824 (U. S. Comp. St. 1901, p. 632), allowing a defendant, when a case is discontinued, a discontinuance fee of $5.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 44.\*

For other definitions, see Words and Phrases, vol. 3, pp. 2088, 2089.

At Law. On defendant's motion to retax costs. Granted.

W. F. Fitzgerald and Jamison & Smyth, for plaintiff.
Cook, Loomis & Tourtellot, for defendant.

REED, District Judge. In this case a jury was impaneled, and the taking of testimony commenced and continued for some days, when, during a recess of the court, the parties made and signed a stipulation as follows:

"The above-entitled case is settled upon the following terms: Defendant shall pay to plaintiff, within 15 days from the filing of this stipulation, the sum of $1,500, in full settlement of the cause of action sued upon. Plaintiff to pay costs of his own witnesses attending upon his own subpœna. Defendant to pay all other costs."

The stipulation was filed in the case, and the entry or order the court made thereon of record was: "Settled as per stipulation of the parties." In taxing the costs the clerk taxed against the defendant and in favor of plaintiff's attorney a docket fee of $20 as upon trial before a jury. The defendant moves to retax, and to strike out the said item of $20, and to tax in favor of its attorneys a fee of $5 as upon a discontinuance of the cause.

The Revised Statutes of the United States provide:

"Sec. 823. The following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States. * * *" (U. S. Comp. St. 1901, p. 632.)

"Sec. 824. On a trial before a jury in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20.00. * * * In cases at law when a judgment is rendered without a jury, $10.00. In cases at law when the cause is discontinued, $5.00." (U. S. Comp. St. 1901, p. 632.)

What is the meaning of the phrase, "on a trial before a jury," as used in the above section of the Revised Statutes? No controlling authority upon the question has been cited, and the decisions of the trial courts are not in harmony, and cannot be reconciled. In some cases it is held that where a cause is fully tried and submitted to a jury, and there is a disagreement, or, if a verdict, it is set aside and the cause is tried a second or third time, a docket fee of $20.00 may be allowed and taxed for each trial. Williams v. Morrison (C. C.) 32 Fed. 682, and Wooster v. Handy (C. C.) 23 Fed. 49, and cases cited. In Cleaver v. Traders' Ins. Co. (C. C.) 40 Fed. 863, Mr. Justice Brown, then District Judge, upon a review of the decisions reached a different conclusion, and held that one docket fee only could be taxed in a cause, and that upon a trial which resulted in a verdict and final judgment; and see Strafer v. Carr (D. C.) 6 Fed. 466. Other cases are

collated in Gunckel on Costs in Federal Courts, c. 15, and need not be further referred to here.

Whether or not the fee may be allowed upon a trial in which the jury disagrees, or more than one fee may be allowed when a cause is for any reason fully tried more than once, does not arise in this case, and, of course, need not be, and is not, now determined.

The phrase, as used in the above section of the Revised Statutes, is undoubtedly used either in the sense in which a jury trial is ordinarily understood in proceedings at law, or as the words "trial by jury" are used in the seventh amendment of the Constitution of the United States, the right of which trial in suits at common law is secured by that amendment. If used in the former sense, it means:

"That part of the litigation which consists of the examination by the court and jury upon the point in controversy, the hearing of the evidence, if any, and the determination of the question at issue, or the final submission of the cause for such determination." Century Dictionary.

If used in the latter sense, then a verdict is an essential feature of the trial. Springville v. Thomas, 166 U. S. 707–708, 17 Sup. Ct. 717, 41 L. Ed. 1172; Thompson v. Utah, 170 U. S. 343–347, 18 Sup. Ct. 620, 42 L. Ed. 1061; United States v. Philadelphia & R. Railroad Co., 123 U. S. 113–114, 8 Sup. Ct. 77, 31 L. Ed. 138.

In Coy v. Perkins (C. C.) 13 Fed. 111, Mr. Justice Gray, speaking of section 824, said:

"We are of the opinion that upon the face of the statute the intention of the Legislature is manifest that it is only where some question of law or fact, involved in or leading to the final disposition actually made of the case, has been submitted, or at least presented to the consideration of the court, that there can be said to have been a final hearing which warrants the taxation of a solicitor's or proctor's fee of $20, as, for instance, where the court, on motion and argument, dismisses for irregularity an appeal from the District Court, as in the case before Mr. Justice Nelson of Hayford v. Griffith, 3 Blatchf. 79, Fed. Cas. No. 6,264, or where the plaintiff discontinues, after the court has substantially decided the merits of the case, either by an opinion expressed at the hearing upon the merits, as in the case of The Bay City before Judge Brown, 3 Fed. 47, or by a previous interlocutory decree, as in Goodyear Dental Vulcanite Co. v. Osgood (decided by Judge Shepley in February, 1877) Fed. Cas. No. 5,594. In Howe v. Shumaway (October, 1865) Fed. Cas. No. 6,774, Mr. Justice Clifford, disregarding the practice of the clerk's office, held that, where by agreement of the parties a bill in equity was dismissed with costs, no solicitor's fees should be allowed."

Within the meaning of the statute as so construed there was no "trial before a jury" in this case. One was commenced, but before the testimony was concluded the parties agreed upon a settlement of their disputes, the jury was discharged, and no question was submitted to the court or jury for determination. There must at least be a submission of the question in controversy to the court or jury for determination before a docket fee of $20 can be taxed. In fact, until a cause is determined either by the court or jury, it is impossible to say which party would have prevailed, and thus be entitled to the fee, if the trial had proceeded to a conclusion. The case is unlike that of The Bay City (D. C.) 3 Fed. 47, relied upon by plaintiff, where the testimony was concluded, and upon intimation of the court that libelants had failed to make a case they dismissed the suit. In that case

there was a "final hearing in admiralty" upon the testimony of both parties, and at its conclusion the court indicated what its decision upon the merits would be.

The statute authorizes the taxation of the docket fee of $20 only upon a full trial before a jury, or a "final hearing in equity or admiralty," and not upon a partial trial or hearing. The conclusion, therefore, is that the docket fee of $20 should not have been taxed against the defendant in this case. The amount involved is small, but the question is one which may frequently arise. The conclusion reached is not intended to apply to those cases where at the conclusion of the testimony the defendant moves for directed verdict, and it is indicated by the court that the motion will be sustained, and the plaintiff then dismisses the action. In such cases there has been a full trial and a determination of the controversy upon the merits.

That part of the motion which asks that a docket fee of $5 be taxed in favor of defendant's attorneys as upon a discontinuance of the cause must be denied. The cause was not discontinued. But, if such a fee was taxable, the defendant under the stipulation would have to pay the same; for by that stipulation it has agreed to pay all of the costs, except those of plaintiff's witnesses attending upon plaintiff's subpoenas.

The motion to retax the costs is therefore sustained as to the docket fee of $20, and overruled as to the $5 claimed by the defendant.