## HENKEL v. CHICAGO, ST. P., M. & O. RY. CO.

No. 9090.

Circuit Court of Appeals, Eighth Circuit.
April 18, 1932.

See, also, 52 F.(2d) 313.

Robert J. McDonald, William A. Tautges, and Bertram W. Wilder, all of Minneapolis, Minn., for appellant.

Alfred E. Rietz, William T. Faricy, and Warren Newcome, all of St. Paul, Minn., for appellee.

Before KENYON and BOOTH, Circuit Judges, and DEWEY, District Judge.

BOOTH, Circuit Judge.

The question involved on this appeal is as to the power of the federal District Courts to allow expert witness fees in actions at law.

Ruth J. Henkel, as administratrix and personal representative of the estate of Carl E. P. Henkel, deceased, brought an action at law against Chicago, St. Paul, Minneapolis & Omaha Railway Company, a corporation of the state of Wisconsin, in the United States District Court for the District of Minnesota, to recover damages on account of the death of said Carl E. P. Henkel, her husband, who was a brakeman in the employ of the defendant company on one of its freight trains which was wrecked by reason of a washout. Plaintiff, at the time of bringing suit, was a resident of Nebraska. At the time of the accident, plaintiff and her husband were residents of Iowa. The action was brought under the provisions of the Federal Employers' Liability Act (45 USCA §§ 51–59); the complaint alleging that the deceased, at the time of his death, and the railroad company were both engaged in interstate commerce. Various items of negligence were alleged, including failure to use due care in the maintenance of the track and roadbed in a reasonably safe condition.

The case was tried, and resulted in a verdict and judgment for the plaintiff. Application was made by plaintiff to the court for an order allowing fees, in sums named, for two expert witnesses, civil and hydraulic engineers, who had testified at the trial, and directing that such sums be taxed against the defendant, and directing the clerk of the court to include such amounts in a judgment in plaintiff's favor. The subject of the testimony of the two witnesses was a proper one for expert testimony, and the witnesses were qualified as experts.

Defendant objected to the allowance of expert witness fees upon the ground that there was no authority of law for the taxation of such fees in said court, and that the same could not be legally taxed against the defendant.

From the order denying the allowance of expert witness fees for want of power under the federal statutes, a cross-appeal was taken to this court by plaintiff; defendant having already appealed from the judgment entered upon the verdict.

Section 7009 of Mason's Minnesota Statutes for 1927 provides:

"*Expert Witnesses*"—The judge of any court of record, before whom any witness is summoned or sworn and examined as an expert in any profession or calling, may, in his discretion, allow such fees or compensation as in his judgment may be just and reasonable."

In the state courts of Minnesota it has been the usage and practice for many years under this statute to allow reasonable expert fees, which are added to the taxable costs and become part of the judgment.

No such usage or practice exists in the federal court in Minnesota, but the practice in regard to the matter has not been uniform in the federal courts throughout the circuit.

The contention of the appellant was: "The Court below possessed the power, authority and discretion to follow the prevailing state practice within the State of Minnesota, which is to the effect that expert fees are allowable in the discretion of the trial court, and as the allowance of expert fees is not prohibited by either the Federal statutes or Court rule, the Court possessed the inherent power to allow the same."

The contention of appellee was that "Congress has provided for the payment and taxation of witness fees and therefore the State statute or rule does not obtain in Federal Court."

This court, being in doubt in regard to the matter, and desiring the instruction of the Supreme Court, certified to that court the following question: "Question: Has a United States District Court power and authority to allow expert witness fees, and to include the same as part of the taxable costs in a law case, said United States District Court being for and sitting in a State the Courts of which are by a state statute authorized, in their discretion, to allow expert witness fees; and the practice and usage in said state courts being to make such allowance and to include the same in the taxable costs, but there being

no such usage and practice in said United States District Court?"

The question certified has now been answered by the Supreme Court in the negative. Henkel v. Chicago, St. P., M. & O. R. Co., 284 U. S. 444, 52 S. Ct. 223, 76 L. Ed. —.

It follows from the foregoing that the trial court was right in denying the allowance of expert witness fees.

The order appealed from is accordingly affirmed, and the cause is remanded for such further proceedings, if any, as may be necessary to dispose of the matter, not inconsistent with the opinion of the Supreme Court hereinbefore referred to, and not inconsistent with the views herein expressed.