## WALKER v. LEE et al.

No. 7289.

Circuit Court of Appeals, Ninth Circuit.

June 11; 1934.

Chas. E. Townsend and Wm. A. Loftus, both of San Francisco, Cal., for appellant.

Rector, Hibben, Davis & Macauley, Frank Parker Davis, and Harry W. Lindsey, Jr., all of Chicago, Ill., and Charles M. Fryer and A. C. Aurich, both of San Francisco, Cal., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

### WILBUR, Circuit Judge.

This is an appeal from an order of the District Court entered July 25, 1933, denying plaintiff's motion to retax the costs after the cause was remanded to the district court by this court. The principal complaint of the appellant is as to items of expense, amounting to $542.55, for the taking of depositions in an interference proceeding in the Patent Office between appellant Walker and one Chase. The appellant claims that as these depositions were taken in an interference proceeding the costs of the taking thereof should not be allowed in the case at bar notwithstanding the stipulation that they might be introduced in evidence in this case. Appellee claims that these depositions were taken in both cases; that is, in the interference proceeding and in the case at bar.

The next item is one for the sum of $22.20 covering carbon copies of the depositions. The appellant in that regard states: "Defendant cannot be allowed to recover costs for a 'carbon copy' furnished free to plaintiff under an agreement which merely provided that as each party took depositions, either in the Patent Office or in the court proceedings, he would supply the other party with a free copy, as a matter of courtesy and convenience."

There is nothing in the record to support appellant's contention and the appellee denies the agreement.

Appellant's next objection is to items of "Miscellaneous Disbursements" amounting to $243.21, for "photographs, photostats, enlargements, charts, physical exhibits, private express charges," etc. It is claimed by appellant that these costs were not taxable under section 983, U. S. R. S. (28 USCA § 830), citing Wooster v. Handy (C. C.) 23 F. 49; Kelly v. Springfield Ry. Co. (C. C.) 83 F. 183. These decisions were both by the trial court and not by a court on appeal. The matter was considered by the Circuit Court of Appeals of the Second Circuit in Appliance Investment Co. v. Western Elec., 61 F. (2d) 752, where the costs of "providing simplified drawings for use in making more clear at the trial the drawings of patents having a bearing on the issues" were held allowable costs as falling within the provisions of section 983, U. S. R. S. (28 USCA § 830), as "copies of papers necessarily obtained for use on trials." One of the items in the verified cost bill under "Miscellaneous Disbursements" is as follows: "Express Jan. 2, 1930, on crankshaft, Exhibits 3, 10, 30, 53 and 61 to San Francisco for trial, $46.07." The court overruled the appellant's objection thereto. No appeal lies from the order taxing costs if the matter at issue is in the discretion of the trial judge. The rule is stated by the Supreme Court in Newton, as Atty. Gen'l of N. Y., v. Consolidated Gas Co., 265 U. S. 78, 83, 44 S. Ct. 481, 483, 68 L. Ed. 909, speaking through Chief Justice Taft, as follows: "The rule forbidding appeals from decrees for costs only is easily deducible from the discretion vested in the trial court in fixing them and the better opportunity of that court to exercise that discretion from its greater intimacy with details of the pleadings, hearings, and orders in the case. When the power of the court to assess costs against either party is not in dispute, or the mere amount to be fixed is in issue, appeals on such questions alone are not allowed. But the rule is not absolute, and should not be enforced when the trial court assumes the power to assess as costs against a fund or a party expenditures of a class not legally assessable as such. Where a question of this kind is made, appeals have been allowed. * * * The many cases cited in which appeals from decrees for costs had been denied were distinguished, as involving a question, not of positive law, but of discretion. We think the distinction made in that case a sound one, and that, as the question is here presented, the appeal is a proper one."

In U. S. v. Knowles, 58 F. (2d) 718, we applied this rule in a case where the right of the court to tax the costs against the United States was involved, saying: "Inas-

much as the right of the court to tax costs against the United States, and not merely an abuse of its discretion in so doing, is challenged, the appeal is proper."

As was stated in Ex parte Peterson, 253 U. S. 300, 316, 40 S. Ct. 543, 548, 64 L. Ed. 919: "The allowance of costs in the federal courts rests, not upon express statutory enactment by Congress, but upon usage long continued and confirmed by implication from provisions in many statutes. Mr. Justice Woodbury in Hathaway v. Roach, Fed. Cas. No. 6,213, 2 Woodb. & M. 63; Mr. Justice Nelson in Costs in Civil Cases, Fed. Cas. 18,-284, 1 Blatchf. 652; The Baltimore, 8 Wall. 377, 19 L. Ed. 463."

▮ There is no statement or certificate by the judge as to the matters that were presented to or considered by him or by the clerk in the taxation of costs. Equity Rule 75 (28 USCA § 723) requires that the appellant shall present a statement of the evidence, approved by the judge upon which he relies. That was not done in this case.

We cannot say from the record that the question at issue is one going to the right of the trial court to allow costs as distinguished from the discretionary power to allow such costs; hence, the order is not appealable and the appeal is dismissed.

Appeal dismissed.