## CATERPILLAR TRACTOR CO. v. REIN-HARTS, INC.

District Court, D. Nevada.

Jan. 21, 1938.

Charles M. Fryer and A. C. Aurich, both of San Francisco, Cal., for plaintiff.

Percy S. Webster, of Stockton, Cal., and Wilkinson, Huxley, Byron & Knight, of Chicago, Ill., for defendant.

NORCROSS, District Judge.

To plaintiff's memorandum of costs and disbursements filed upon entry of amended final decree, following receipt of mandate from the Circuit Court of Appeals, defendant filed objections to certain items thereof. The costs so claimed total the sum of $9,948.97. The objections relate to items totaling $8,480.36. The items objected to include seven models, the cost of one being $6,042.85, and the other six totaling $393.50; expressing models $359.71 and insurance while in transit $359.71; thirty-six charts, at $39.55 each; totaling $1,423.80.

The mandate of the Circuit Court of Appeals modified the interlocutory decree of this court, appealed from, "so as to hold claim 5 of the Norelius patent, No. 1,315,-653, invalid and, therefore, not infringed, and, as so modified, the said decree be, and hereby is, affirmed with costs in favor of the appellee and against the appellant." Reinharts Inc. v. Caterpillar Tractor Co., 9 Cir., 85 F.2d 628; certiorari denied 58 S.Ct. 13, 82 L.Ed. ——.

The objections to the charges for three of the models, including the one most expensive, are made "upon the grounds that said models are not made under any order of Court and were wholly unnecessary to the proper understanding by the Court of the construction of the tractor or tractors alleged to infringe. There was at all times available to the Court the actual tractors alleged to infringe and which were assembled and dissembled for the benefit of the Court and the Court was able to secure full information as to the construction of said alleged infringing tractors from the actual tractors without resort to the models in question. Said models were but duplications of the actual tractors and hence wholly unnecessary to a complete understanding thereof by the Court."

The objections to the charges for the other four models are made "on the grounds that these are models of structures fully and clearly shown and described in patents which offered a full disclosure of the mechanism in question and hence said models were entirely unnecessary because the Court was certainly fully able to understand the structure from a reading of the patent disclosures."

"The item of charge for the 36 charts, $1423.80 is objected to for the reason that the two full size tractors involved in the suit were fully and completely available to the Court at all times during the trial and the charts were mere duplications thereof, useful only for argument and not necessary for illustration or proof. The item is further objected to for the reason that if any charts were considered necessary by Counsel, simple and inexpensive ones could have been used with the same force and effect as were the more elaborate and expensive charts prepared by plaintiff."

At the outset it is apparent from a reference to cases cited that plaintiff's claims for cost allowances are greatly in excess of those appearing in any reported patent infringement suit and that the law respecting the questions of allowance for models and charts, as here presented, is not well settled by decisions of courts dealing with a state

of facts similar to those presented in this case.

It appears to be conceded by plaintiff that any allowance for the items objected to is entirely a matter in the discretion of the court. That question should first be determined whether the court has discretion to make such allowances as costs in a case of the character under consideration.

From the opinion of the Circuit Court of Appeals of this Circuit in Walker v. Lee, 9 Cir., 71 F.2d 622, 623, is quoted the following: "Appellant's next objection is to items of 'Miscellaneous Disbursements' amounting to $243.21, for 'photographs, photostats, enlargements, charts, physical exhibits, private express charges,' etc. It is claimed by appellant that these costs were not taxable under section 983, U.S. R.S. (28 U.S.C.A. § 830), citing Wooster v. Handy (C.C.) 23 F. 49 [23 Blatchf. 112]; Kelly v. Springfield Ry. Co. (C.C.) 83 F. 183. These decisions were both by the trial court and not by a court on appeal. The matter was considered by the Circuit Court of Appeals of the Second Circuit in Appliance Investment Co. v. Western Elec. Co., 61 F.2d 752, where the costs of 'providing simplified drawings for use in making more clear at the trial the drawings of patents having a bearing on the issues' were held allowable costs as falling within the provisions of section 983, U.S.R.S. (28 U.S.C.A. § 830), as 'copies of papers necessarily obtained for use on trials.' "

The case of Wooster v. Handy, cited supra in the excerpt from the opinion in the Walker Case, is deserving of some special reference, in that in the opinion in the Wooster Case, the case of Hussey v. Bradley, 5 Blatchf. 210, 12 Fed.Cas. 1059, 1060, No. 6946a, is referred to as holding "that the expense of copies of models in the patent-office * * * might be allowed for, but that the expense of other models and machines was not allowable."

From the decision in the Hussey v. Bradley Case is quoted the following excerpt: "The expenses of a certified or sworn copy of a model from the patent office might, under some circumstances, be properly allowed; and, as a general rule, the expense of procuring other models or machines ought not to be taxed."

A holding that "as a general rule" certain characters of "models or machines ought not to be taxed" is quite different from saying that such expense "was not allowable."

From the opinion in Barber-Coleman v. Withnell, 28 F.2d 543, 544, D.C., Mass., is quoted the following:

"It has been settled that costs in equity proceedings are not restricted to the items specified in the statute (R.S. § 983; U.S. Comp.Stats. § 1624, 28 U.S.C.A. § 830), but may be allowed in the discretion of the court, unless controlled by statute or rule (Ex parte Peterson, 253 U.S. 300, 317, 40 S.Ct. 543 [549], 64 L.Ed. 919; Newton v. Consolidated Gas Co., 265 U.S. 78, at page 83, 44 S.Ct. 481 [482], 68 L.Ed. 909). There is no statute or rule affecting the present case. * * *

"I can see no difference in principle between plans of land used in connection with deeds, and drawings used to clarify a patent. In Victor Talking Mach. Co. v. Starr Piano Co. (C.C.A.) 281 F. 60, at page 66, expenditures for motion pictures and photographs of cutting tools in operation were held taxable, because 'necessary to enable the trial court to understand the processes and to make a proper record for review.' 281 F. 66. * * *

"To restrict the allowance of such costs to drawings and photographs which were absolutely necessary seems to me too narrow a rule. The expense of those which were admitted in evidence and furnished real assistance to the court in getting at the essential facts of a case ought in justice to be taxable."

See, also, Appliance Inv. Co. v. Western Electric Co., 2 Cir., 61 F.2d 752, 756; Victor Talking Machine Co. v. Starr Piano Co., 2 Cir., 281 F. 60, 66.

While it may be conceded that as a general rule models, except when previously authorized by order of court, should not be taxed as costs, the facts of a particular case may justify an exception to such a general rule of practice. It is the conclusion of the court that this case presents an exception to such a general rule.

When this suit was instituted, the International Harvester Company, a New Jersey corporation, was made a defendant. The company appeared specially and moved that the case as to it be dismissed. The motion was granted. Upon the conclusion of the trial the court among other findings made the following: "International Harvester Company, a corporation organized and existing under the laws of the State of

New Jersey, the manufacturers of the tractors complained of herein, ever since the commencement of this action, to the knowledge of the plaintiff, has openly and avowedly conducted, controlled and participated in the defense of this cause by and through its agents, representatives and attorneys and said corporation, International Harvester Company is the real party in interest in the defense of this cause."

Among the conclusions of law was the following: "The International Harvester Company, a corporation of New Jersey, manufacturer of the tractors No. TT-1637 and KC-195012 is in privity with the defendant, Reinharts, Inc."

Twenty-six days were devoted to the taking of testimony in the case followed by two days of argument. Briefs were also subsequently filed. With the consent of defendant, the taking of testimony was preceded with a moving picture portraying the beginning and development of the caterpillar tractor and its use not only in industry but as a valuable instrument in time of war. This moving picture was not presented as evidence in the case but simply to acquaint the court with a general knowledge of what the caterpillar tractor was and the importance of the questions at issue. While it appeared from the evidence that the defendant Reinharts, Incorporated, merchants of the city of Winnemucca in this district, had sold but two tractors manufactured by the International Harvester Company, the real controversy was between the latter company and the plaintiff and was a patent infringement suit of extraordinary importance to the principal parties concerned. Plaintiff's complaint alleged that the tractors sold by defendant were so constructed as to constitute an infringement of six different patents owned by plaintiff. This court found infringement of five of such patents, and upon appeal this decree was affirmed as to four thereof and as to one the patent held invalid. From the mandate it appears that the cost of printing the record and exhibits on appeal was $3,291.28.

While the time spent in the trial of the case and its importance to the parties affected by the results of the litigation might not alone justify the taxing of the models as costs, their place as an aid to the court in gaining a knowledge of whether or no there were patent infringements as alleged was most valuable.

With respect to the objection that "there was at all times available to the Court the actual tractors alleged to infringe and which were assembled and dissembled for the benefit of the Court and the Court was able to secure full information as to the construction of said alleged infringing tractors from the actual tractors without resort to the models in question," it is true that on one or two occasions the court visited a garage where the "actual tractors alleged to infringe" were kept during the trial and that material portions thereof were assembled and dissembled in the presence of the court. If the court could have continued conveniently the major portion of its session in the garage, it may justly be said that the court could have acquired a knowledge both as to what was covered by the patents alleged to be infringed and from the actual machines determined the disputed question of infringement. That such a course could be pursued is out of reason. With a knowledge gained from testimony in respect to the model, the court was enabled the better to follow disclosures appearing from the assembling and dissembling of the actual machine. Where, as in this case, patents involved relate to mechanical devices affecting the operations of machines of such size as to eliminate their presence in a courtroom and where experts are in disagreement in respect to the operative effect of such devices, it is manifest that a suitable model is the most effective aid to the court in its efforts to solve the problem presented—a just determination of the controversy. It is the conclusion of the court that the models are properly taxable.

What has been said in respect to the models also applies to the charts.

In defendant's points and authorities filed in support of its objections appears the following statement: "If items of this character are to be considered taxable there is no limit to which a party can go in preparing elaborate and costly models, illustrative charts and the like, and a wealthy litigant could easily make it so burdensome for a small competitor as to cause any small financially weak concern to pause before even attempting to assert what it believes to be its bona fide rights because of the speculative chance of a cost bill which might far exceed in value any articles which the party may have sold and which are asserted to be an infringement. Such

a situation would be most inequitable and intolerable."

If the court is correct in its view of the law controlling, that allowance for the items in question is within the discretion of the court, then such a situation as that referred to would be considered by the court in determining the extent, if any, its discretion should justly be exercised. If the defendant in this case was the real party in interest, it would present a case for the court, in its discretion, to decline to allow the costs claimed. Defendant, however, is not the real party in interest.

Plaintiff's memorandum of costs and disbursements should be and are approved, allowed, and confirmed.