### REINHARTS, Inc., v. CATERPILLAR TRACTOR CO.
### No. 8798.

Circuit Court of Appeals, Ninth Circuit.
Nov. 16, 1938.

Geo. L. Wilkinson and Chas. L. Byron, both of Chicago, Ill., and Percy S. Webster, of Stockton, Cal., for appellant.

Chas. M. Fryer and Alfred C. Aurich, both of San Francisco, Cal., for appellee.

Before WILBUR and DENMAN, Circuit Judges, and ST. SURE, District Judge.

ST. SURE, District Judge.

This is an equity case in which a final decree adjudged appellant had infringed a patent for a part of the mechanism of caterpillar tractors by the sale of two infringing tractors. 9 Cir., 85 F.2d 628. It awarded no damages, but decreed costs against appellant. This appeal is from the allowance of the costs, upon a statement of the evidence under Equity Rule 75, 28 U.S.C.A. following section 723 and an order incorporating the record in the former appeal No. 7636.

The contested items taxed are $7,056.-56 for models introduced by complainant as exhibits at the trial, and for $1423.80 for elaborate illustrative charts, both without previous authorization by the court.

The questions presented concern, first, the power of the court sitting in equity in a patent suit to award costs for models so introduced in evidence; second, its power with regard to the charts; and, third, whether if the costs for the models are allowable in exceptional cases, the court, in basing its allowance as upon such a case, exercised any legal discretion toward the defendant.

The appeal from the cost decree warrants our considering all three questions. Newton v. Consolidated Gas Co., 265 U.S. 78, 83, 85, 44 S.Ct. 481, 482, 483, 68 L.Ed. 909; Trustees of Internal Improv. Fund v.

Greenough, 105 U.S. 527, 26 L.Ed. 1157; and In re Michigan Central R. Co., 6 Cir., 124 F. 727, cited with approval in the Newton Case.

In the Newton Case the appeal concerned the allowance as costs of the premiums on surety bonds given by the appellee, successful on the merits, to secure the repayment of certain sums collected from gas consumers if the repayment had been decreed. The Supreme Court held that, because of an established usage in the trial courts of the circuit, they were allowable.

"The rule forbidding appeals from decrees for ·costs only is easily deducible from the discretion vested in the trial court in fixing them and the better opportunity of that court to exercise that discretion from its greater intimacy with details of the pleadings, hearings, and orders in the case. When the power of the court to assess costs against either party is not in dispute, or the mere amount to be fixed is in issue, appeals on such questions alone are not allowed. But the rule is not absolute, and should not be enforced when the trial court assumes the power to assess as costs against a fund or a party expenditures of a class not legally assessable as such. * * *

"The District Judge, in passing on the issue, said that it had been the custom in the Second circuit to allow as costs premiums on stipulations given to release vessels from arrest, citing The Volund, supra [2 Cir., 181 F. 643]; The Hurstdale, supra [D.C., 171 F. 607]; The John D. Dailey, supra [D.C., 158 F. 642]; that Judge Lacombe, in Edison v. American Mutoscope Co., supra [C.C., 117 F. 192], had allowed as costs premiums upon a supersedeas bond in an equity case; and that there had been a uniform usage for the 14 years during which he had sat in that district to allow such items.

"We think that, under the usage thus shown in the Second Circuit, the District Court, had power to assess these premiums as costs in this suit in equity." [Page 483.]

█ 1. Models. Here the statement and certificate of the District Judge show no usage or rule allowing costs for such models and we know of none in this circuit. On the contrary, the District Judge concluded: "While it may be conceded that as a general rule models, except when previously authorized by order of court, should not be taxed as costs, the facts of

a particular case may justify an exception to such a general rule of practice. It is the conclusion of the court that this case presents an exception to such a general rule." 21 F.Supp. 901.

Since costs for models not introduced under order of the court are not provided for by any rule of the District Court below and their allowance is not of common usage there, nor elsewhere in this or, so far as we are advised, in any of the circuits, we hold that, without such an order or rule or, it may be, some agreement of the parties, they are not allowable.

Appellee relies on the case of Walker v. Lee, 9 Cir., 71 F.2d 622, 624. However, in that case, unlike this, there was "no statement or certificate by the judge as to the matters that were presented to or considered by him or by the clerk in the taxation of costs. Equity Rule 75 (28 U.S.C.A. following section 723) requires that the appellant shall present a statement of the evidence, approved by the judge upon which he relies. That was not done in this case.

"We cannot say from the record that the question at issue is one going to the right of the trial court to allow costs as distinguished from the discretionary power to allow such costs; hence, the order is not appealable and the appeal is dismissed."

█ 2. Charts. With regard to the charts we agree with the Second Circuit that these properly are classifiable in analogy with the copies of papers chargeable as costs under R.S. § 983, 28 U.S.C.A. § 830. Appliance Inv. Co. v. Western Electric Co., 2 Cir., 61 F.2d 752.

█ 3. The third ground of appeal presented discloses another reversible error of the District Court. The court's conclusion of law quoted above is that the right to tax the costs for the models, although not supported by court order or usage, arose in this case because of exceptional circumstances making them chargeable against the appellant. But for this error the District Court may well have disallowed one or both the items heretofore discussed.

As stated, the appellant's infringement involved the sale of but two tractors. The manufacturer of the tractors with the infringing mechanism was originally made a party, but the case as to it was dismissed. Nevertheless, the District Court, in justifying its allowance against appellant of these

extraordinarily large costs, made the following finding: "International Harvester Company, a corporation organized and existing under the laws of the State of New Jersey, the manufacturers of the tractors complained of herein, ever since the commencement of this action, *to the knowledge of the plaintiff*, has openly and avowedly conducted, controlled and participated in the defense of this cause by and through its agents, representatives and attorneys and said corporation, International Harvester Company is the real party in interest in the defense of this cause." (Italics supplied.)

Here the only party defendant against whom the decree on the merits was given was the appellant, defendant below. We know of no law which makes such a defendant liable for costs not otherwise chargeable against him, because he accepts the aid of someone interested in establishing a principle or fact by which the latter incidentally may be benefited elsewhere. Such an aiding person not a party to the action, however great his interest in the result, cannot be "the real *party* in interest" in the cause.

Since both contested items of cost were assessed under an erroneous theory of the law, the decree is reversed with instructions to disallow the costs for the models, and to redetermine the costs for the charts, retaining unchanged the other items allowed.

Reversed.