### VERNON LUMBER CORPORATION v. HARCEN CONST. CO.

#### Civil Action No. 4781.

District Court, E. D. New York.

July 26, 1945.

---

See also 60 F.Supp. 555.

Max Ornstein, of New York City, for plaintiff (for the motion).

Gresser & Walker, of New York City, for defendant (opposed).

KENNEDY, District Judge.

This is a motion for an order reviewing the taxation of costs by the Clerk of this Court. The action was originally commenced in New York Supreme Court but was removed here. It was subsequently tried without a jury. Plaintiff in its complaint demanded the sum of $5,242.15. The findings of the District Court are to the effect that plaintiff was entitled to this amount. However, the net amount due on the judgment to the plaintiff is $2,150 because defendant succeeded on its counterclaim.

At the time of the commencement of the action in New York Supreme Court, the plaintiff sued out a warrant of attachment. Property of the defendant was thereafter taken into the custody of the sheriff. Under § 1512 of the New York Civil Practice Act, a successful plaintiff is entitled to tax in the bill of costs an amount proportioned upon the value of the property attached. Under § 1504 of the Civil Practice Act, a successful party is entitled to tax the amount of $25 for proceedings before the filing of note of issue in actions such as this, where it is necessary to apply to the Court for judgment.

Plaintiff included the two items just referred to in the bill of costs here under review. It asked $124 as an allowance in connection with the attachment. In arriving at this amount it used as a basis of calculation the full (not the net) amount of the judgment to which it was eventually held to be entitled, namely, $5,242.15. Plaintiff also included an item in the amount of $25 for costs before the filing of the note of issue. Both of these items were stricken by the Clerk, and I am now asked to review his determination.

Counsel were able to discover only three cases bearing on the point that is here for decision. Plaintiff relies upon Cleaver v. Traders' Insurance Co., C.C., 40 F. 863. That case holds that a successful party is entitled to tax in the federal court the items which he was entitled to under the state rules prior to the removal of the cause. The Cleaver case was decided by the Circuit Court for the Eastern District of Michigan, and in the opinion it is specifically stated that a different rule obtains in the Second Circuit. That different rule was laid down by the decisions in Clare v. National City Bank, Fed.Cas. No. 2,793, 14 Blatchf. 445, and Chadbourne v. German-American Insurance Co., C.C., 31 F. 625. It is upon these cases that the defendant here relies.

In 1853 Congress for the first time legislated on the subject of costs. It enacted what has come to be called the "fee bill." 28 U.S.C.A. § 830, R.S. Sec. 983. Before the enactment of this statute it was

held that, although federal statutes impliedly recognized the right to costs, since Congress had not directly dealt with the subject their amount and award should follow the state law. Hathaway v. Roach, 11 Fed.Cas. page 818, No. 6,213, 2 Woodb. & M. 63; Costs in Civil Cases, 30 Fed. Cas. page 1058, No. 18,284, 1 Blatchf. 652.[1] In substance, the fee bill merely permits the taxation (by the clerk or the judge) of the amount of *disbursements* for witnesses' fees (and other named purposes) which the prevailing party has paid or incurred during the pendency of the case. There is nothing in the statutes to indicate that Congress even took into consideration items of "costs," as distinguished from disbursements, which are allowed by state law. These are items which are not paid out by the prevailing party, but which he is allowed as compensation. It has been said that prior to the enactment of the fee bill taxation of costs in federal courts was made to conform to the usage in the state in which the district was situated, and that after the enactment of the fee bill this practice continued except as to the specific items mentioned in that section.[2]

Indeed, as late as 1931, it was suggested that the right to costs in the federal courts was derived from the rules of decision statute, 28 U.S.C.A. § 725.[3] However, in Henkel v. Chicago, etc., Ry., 284 U.S. 444, 447, 52 S.Ct. 223, 225, 76 L.Ed. 386, the Supreme Court took the position that this was not so, and that, on the contrary, the rules of decision statute ceased to have any application after Congress enacted the fee bill. In the Henkel case the Court said that Congress "has dealt with the subject *comprehensively,* and has made no exception of the fees of expert witnesses." (Emphasis mine.)

Most of the cases interpreting the fee bill have dealt with disbursements or expense actually incurred by the prevailing party. E. g., Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919; Williams v. Sawyer Bros., Inc., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527; Henkel v. Chicago, etc., Ry., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386. In the Peterson case the controversy related to an allowance by the Court to an auditor, and it was held that it was proper

to pay it. In the Williams case the question was whether premiums paid on a bond to release an attachment were recoverable in the federal courts. It was held that they were. In the Henkel case the Circuit Court of Appeals for the Eighth Circuit, 58 F.2d 159, had certified to the Supreme Court the question whether the District Court had power to allow expert witness fees, under circumstances where the state courts of Minnesota authorized the allowance and the inclusion in the taxable costs of such items. The Supreme Court said these items were not allowable, because the fee bill was sufficiently comprehensive to exclude the application in the federal courts of any state practice which was not in accord with the express language of the federal statute.

It is by no means clear to me that in the Henkel case the Supreme Court was saying that party litigants in the federal courts are restricted to the exact language of the fee bill. I say this because in that very opinion the Court (284 U.S. 444, 445, 446 52 S.Ct. 223, 76 L.Ed. 386) quotes with approval the language of Mr. Justice Woodbury in Hathaway v. Roach, supra, to the effect that it had become "the practical usage by the courts of the United States to conform to the state laws as to costs, when no express provision has been made and is in force by any act of congress in relation to any particular item, or when no general rule of court exists on this subject." Of course, Hathaway v. Roach was decided long before the enactment of the fee bill and the Henkel case long after. But as Judge Learned Hand points out in the Williams case, supra, the proposition embodied in the words that I have quoted was recognized as well before 1853 as it was afterwards.

It is not surprising, in view of the absence of federal statutes on the subject of costs that are specific, to find the Circuit Court of Michigan holding that state costs accrued prior to removal are taxable by the prevailing party in a cause removed to the federal court (Cleaver v. Traders' Insurance Co., C.C., 40 F. 863; Trinidad Asphalt Paving Co. v. Robinson, C.C., 52 F. 347); the Circuit Court of Maryland deciding the same way (Sawyer v. Wil-

---

[1] I have here paraphrased the language of Judge Learned Hand in Williams v. Sawyer Bros., Inc., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527.

[2] See footnote 1.

[3] This suggestion was made in the dissenting opinion in Williams v. Sawyer Bros., Inc., 2 Cir., 51 F.2d 1004, 81 A. L.R. 1527.

942

liams, 72 F. 296), but the Circuit Court in the Second Circuit deciding the opposite way (Clare v. National City Bank, Fed. Cas. No. 2,793, 14 Blatchf. 445; Chadbourne v. German-American Insurance Co., C.C., 31 F. 625).

I shall not attempt to lay down any general principle or to reconcile the decisions. Dealing merely with the facts before me, I hold that whatever may be the law applicable to the taxation of items *disbursed* by the prevailing party, he is not entitled to recover items which the state law has given him as compensation for his victory, or rather to punish his adversary for false outcry. These are not "fees." And since the enactment of the fee bill a strong argument can be made that Congress intended that the party prevailing in the federal court should recover as "costs" merely the amount which he paid, or become liable to pay, and which was saddled upon him as a necessary consequence of the preparation or trial of the law suit. For if Congress intended to make possible the taxation of items allowed by state legislatures to the prevailing party, even if he did not pay them out, then Congress has put it in the power of the state legislatures to regulate the costs of litigation in the federal courts, and even the cost of removal of a suit to the federal court. I mean by that, that if plaintiff is right, the state legislature could provide for an allowance in a prohibitive amount as "costs prior to removal" in the state court. The nonresident defendant who desired to remove would then face the alternative of leaving the cause in the state court or removing it at the peril of payment of a substantial penalty.

If the fee bill as such will not bear the interpretation permitting the taxation of the items which plaintiff seeks, he can then succeed only on the basis of usage. I have indicated that I do not believe the doctrine of state usage discussed in the cases applies to anything other than actual disbursements. But assuming that it does, there was no such usage in this Circuit sixty years ago (Clare v. National City Bank, Fed.Cas. No. 2,793, 14 Blatchf. 445, Chadbourne v. German-American Insurance Co., C.C., 31 F. 625), and my attention has been called to no case since where any such usage has been recognized.

The determination of the clerk is accordingly sustained.

