## BARRETT v. ROSECLIFF REALTY CO., Inc.

United States District Court
S. D. New York.

Jan. 28, 1950.

J. Stanley Cohen, New York City, for plaintiffs.

Mendes & Mount, New York City, Brendan C. Kelly, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiffs have moved for an order vacating and setting aside a judgment and bill of costs in the sum of $1,579.60 entered in behalf of the defendant on or about October 17, 1949, on the ground that a guardian ad litem is not liable for costs in an action brought on behalf of an infant.

This was a negligence action brought against defendant and upon a trial by jury a verdict was rendered in favor of defendant. Plaintiff Michael Barrett brought suit both individually and as guardian ad litem for the infant plaintiff Marilyn Barrett.

Plaintiffs now move to vacate the judgment and bill of costs since the court did not specially charge them with costs pursuant to Section 205 of the New York Civil Practice Act which provides that:

"No infant or guardian ad litem for an infant shall be liable for costs unless specially charged therewith by the order of the court".

While the making and entry of judgment and the matter of costs in the federal district courts were controlled by the provisions of the rules of practice of the state courts prior to the promulgation of the Federal Rules of Civil Procedure, 28 U.S.C.A., O'Brien v. New York Edison Co., D.C.S.D.N.Y.1939, 26 F.Supp. 290, such procedure now must follow the Federal Rules. Vernon Lumber Corp. v. Harcen Const. Co., D.C.E.D.N.Y.1945, 61 F.Supp. 939. Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Hence, the court not having otherwise directed, defendant is entitled to costs as a matter of course.

The costs allowed herein are properly taxed items. See Williams v. Sawyer Bros., 2 Cir., 1931, 51 F.2d 1004. Motion to vacate and set aside judgment and bill of costs denied.