**REPUBLIC OF CHINA**

v.

**CENTRAL SCIENTIFIC CO.**

No. 53 C 1631.

United States District Court
N. D. Illinois, E. D.

May 13, 1954.

Mayer, Meyer, Austrian & Platt, Chicago, Ill., for Republic of China.

Norville & Dent, Chicago, Ill., for Central Scientific Co.

LA BUY, District Judge.

The issues before the court in the above matter are whether defendant is liable for interest on funds deposited by it and whether the court should allow defendant's claim for attorneys fees.

With respect to the issue of interest there is no dispute that the law of Illinois is applicable. After due consideration, the court concludes that the defendant, Central Scientific Company, should be charged with interest on the fund from the date of the filing of this suit, July 24, 1953, to the date of the deposit of said funds into the registry of the court pursuant to its order entered February 3, 1954.

The question of counsel fees to the "stakeholder" presents a more difficult question since the court must determine whether the law of Illinois controls. Defendant relies on Bank of China v. Wells Fargo Bank & Union Trust Co., 9 Cir., 1953, 209 F.2d 467 and Palomas Land & Cattle Co. v. Baldwin, 9 Cir., 1951, 189 F.2d 936. Plaintiff relies upon two decisions of the district court of this district, Danville Building Ass'n of Danville v. Gates, D.C.1946, 66 F.Supp. 706, and Illinois Bankers Life Assur. Co. v. Blood, D.C.1947, 69 F.Supp. 705, to sustain its contention that attorneys fees are not allowable.

These cases have certain distinguishing features not present in the instant case. In the Palomas, Danville and Illinois Bankers cases the suits were brought pursuant to the Federal Interpleader statute. In the Wells Fargo case

the Court of Appeals determined that a federal question was present since an "insured bank" was involved within the meaning of 12 U.S.C.A. § 632. The present case does not come within the provisions of the Federal Interpleader Act, 28 U.S.C.A. § 1335 since it appears from the pleadings that the adverse claimants to the fund are all nationals of China and therefore the essential jurisdictional element to suits under that Act is not present here. 28 U.S.C.A. § 1335(a) (1); see Bank of China v. Wells Fargo Bank, supra, 209 F.2d at page 473.

██ The jurisdiction of this court rests upon the general jurisdiction given to district courts under 28 U.S.C.A. § 1332(a) (2) and Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Since jurisdiction depends solely on diversity, the question of liability must be determined by the law of Illinois. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Trust Co. of Chicago v. National Surety Corp., 7 Cir., 1949, 177 F.2d 816. In the latter case and in the Danville case, supra, a thorough exposition is set forth of the Illinois law prohibiting the assessment of attorney's fees as costs and the court will not unduly extend this memorandum by setting it forth anew.

█ The issue now resolves itself into whether Rule 54(d) of the Federal Rules of Civil Procedure which grants to the district court discretion as to the taxing of costs, United States for Use of Wadeford Electric Co. v. E. J. Biggs Constr. Co., 7 Cir., 1940, 116 F.2d 768, 775, also includes a discretion to assess attorney's fees even though the applicable state law forbids such an assessment. It has been held that Rule 54(d) vests a discretionary power in the court with respect to the allowance of costs, including attorney's fees, the exercise of which cannot be curtailed by state legislation. Bank of China v. Wells Fargo Bank, D. C.Cal., 1952, 104 F.Supp. 59, 65–66; Kellems v. California CIO Council, D.C.Cal., 1946, 6 F.R.D. 358, 361.

In the exercise of such a discretion, however, the court is required to consider the state law. Where, as here, the action is brought under the general jurisdictional provisions of 28 U.S.C.A. § 1332, and where Illinois law discloses a "substantive" policy in connection with attorney's fees as costs, see Moore's Fed. Prac., Vol. 6, pp. 1347, 1352 fn., the court concludes that the item regarding attorney's fees must be denied.

Counsel are requested to submit an appropriate order not inconsistent with the conclusions hereinabove stated.