Warren W. GANDALL, by Ray T. McCann, his guardian ad litem, and Marie Gandall, Plaintiffs,

v.

The FIDELITY AND CASUALTY CO. OF NEW YORK, a New York corporation, Henry C. Riedel, a sole trader, d/b/a Riedel Erecting Engineers, and C. W. Espen, Defendants.

Civ. A. No. 6333.

United States District Court
E. D. Wisconsin.

Feb. 12, 1958.

See, also, 133 F.Supp. 28.

N. Paley Phillips, Milwaukee, Wis., Richard Dillon, C. Lawrence Elder, Tulsa, Okl., Ray T. McCann, Milwaukee, Wis., guardian ad litem for plaintiff Warren W. Gandall.

Bernard J. Hankin, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

The case is before the court on plaintiffs' motion after verdict and judgment, for an order taxing the guardian ad litem fees as costs against the defendants.

The issue presented is whether the United States District Court for the Eastern District of Wisconsin, in a diversity action arising out of an auto accident in Illinois, may tax the fees of plaintiff's guardian ad litem as costs against the losing defendant. The federal rules and statutes do not expressly cover the question. The Wisconsin statutes provide for such taxation as costs.

The court correctly appointed a guardian ad litem for plaintiff Warren W. Gandall upon his becoming incompetent, pursuant to Rule 17(c), Federal Rules of Civil Procedure, 28 U.S.C.A. The defendants concurred in this appointment.

Rule 54(d) is the applicable federal rule on costs, but neither it nor any other federal rule or statute covers the particular situation here before the court:

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * *."

Although federal courts in diversity cases are not bound by state law when a federal statute or rule covers the question, nor by all state laws even when there is no applicable federal law, they will apply state law when there is no applicable federal law, when the state law is not contrary to federal policy, and when the state law expresses a substantial substantive policy of the state relative to non-conventional items of expense. Moore's Federal Practice, Second Edition, Volume 6, § 54.77, pp. 1346–1347:

"In the absence of a stipulation or other arrangement that is binding upon the parties, or an order of the court necessitating the particular item of expense, the general rule is that the power or authority of the court to tax a particular expense

item of litigation as costs must be found in a federal statute, rule of court, or in the custom, practice and usage applicable in a particular district. And in exceptional cases presenting equitable considerations and for dominating reasons of justice, equity customarily has power to make additional allowances of costs; but this power is sparingly exercised. These principles as to the allowance of particular expense items deal with procedural matters and state law in and of itself is not controlling, although a local district court rule or practice may refer to and adopt state practice as to the allowance of particular items as costs, where such practice is not inconsistent with a controlling federal statute, usage or rule of court. In an action involving a non-federal matter state law should, however, normally be followed where the state law reflects a *'substantive' policy relative to non-conventional items of expense,* such as attorney's fees." (Emphasis supplied)

Moore's Federal Practice, Second Edition, Volume 6, § 54.77(2), pp. 1354–1355:

" * * * But in an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a *substantial policy of the state,* should be followed. * * * " (Emphasis supplied.)

Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Keller Research Corp. v. Roquerre, D.C.S.D.Cal., 1951, 99 F.Supp. 964; Trust Co. of Chicago v. National Surety Corp., 7 Cir., 1949, 177 F.2d 816; Republic of China v. Central Scientific Co., D.C.N.D.Ill. E.D.1954, 120 F.Supp.

924; Phoenix Indemnity Co. v. Anderson's Groves, 5 Cir., 1949, 176 F.2d 246; McDaniel v. Standard Accident Insurance Co., 7 Cir., 1955, 221 F.2d 171. (See footnote)[1]

Because this is a diversity action, this court must first resort to the Wisconsin conflicts of law rules to determine what law Wisconsin would apply in the case:

Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; North Drive-In Theatre Corp. v. Park-In Theatres, 10 Cir., 1957, 248 F.2d 232, 236–237; Gaines v. Poindexter, D.C.W.D.La., 1957, 155 F.Supp. 638, 641–642; National Postal Transport Ass'n v. Hudson, 8 Cir., 1954, 216 F.2d 193.

Recourse to Wisconsin law shows that in a case of this sort a Wisconsin Court would apply the Wisconsin statutes taxing the guardian ad litem fees as costs. Under Wisconsin statutes, sections 256.48, 271.04(2), and 269.80(3), it is clear that guardian ad litem fees are to be taxed as costs in actions of this sort in Wisconsin courts. Section 256.48, which reads in part, "in *all* matters" and "the guardian ad litem shall be an attorney admitted to practice in *this state,*" shows on its face that it is applicable to cases tried in a Wisconsin court even when the tort occurred in some other state and that other state's law is applicable on certain substantive matters. (Emphasis supplied) And, Oertel v. Williams (Fidelity & Casualty Co.), 1934, 214 Wis. 68, 251 N.W. 465, by its reasoning and result also points to the conclusion that Wisconsin would apply its own law, namely section 256.48, on guardian ad litem fees as costs although the accident occurred outside Wisconsin.

This Wisconsin law expresses a substantive policy of Wisconsin on a nonconventional item of expense and consequently should be followed by this court in diversity cases. Wisconsin by statute

---

[1]. Although these cases deal directly or indirectly with the taxing of attorney's fees rather than guardian ad litem's fees as costs, they are considered persuasive authority because of the close analogy.

has expressly altered the ordinary, general rule in cases of this sort, which would be to award the guardian ad litem fees out of the fund recovered. Mutual Life Insurance Co. of New York v. Ginsburg, 3 Cir., 1956, 228 F.2d 881, certiorari denied Ginsburg v. Gregg, 351 U.S. 979, 76 S.Ct. 1050, 100 L.Ed. 1495, rehearing denied 352 U.S. 813, 77 S.Ct. 26, 1 L.Ed.2d 71; Folsom v. McDonald, 4 Cir., 1956, 237 F.2d 380; Hunter v. Federal Life Ins. Co., 8 Cir., 1940, 111 F.2d 551. Cases cited above show a state law of this sort to be the kind expressive of a substantive state policy which the federal court will follow. This is true regardless of whether the Wisconsin statute be typed substantive or procedural; see Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 555, 69 S.Ct. 1221, 93 L.Ed. 1528.

The Wisconsin statute, in existence and effect at the time of taxing costs, is applicable whether or not it was in effect at the time the action was commenced. Cohen v. Beneficial Industrial Loan Corp., supra.

The cases cited by defendants, namely, Barrett v. Rosecliff Realty Co., D.C.S.D. N.Y., 1950, 9 F.R.D. 597, and Vernon Lumber Corporation v. Harcen Const. Co., D.C.E.D.N.Y., 1945, 61 F.Supp. 939, in support of the proposition that the provisions of the rules of practice of the state courts are not controlling since the promulgation of the Federal Rules of Civil Procedure, do not alter the correctness of the above conclusion on the particular question before this court. Barrett v. Rosecliff Realty Co., supra, dealt with a situation specifically covered by Rule 54(d), and therefore, of course, the state statute was not applicable. Vernon Lumber Corporation v. Harcen Const. Co., supra, can be distinguished in that it was based upon a determination that state statutes awarding an amount in the nature of a penalty, without relation to actual expenses incurred, are not applicable in federal court because contrary to federal policy.

Concerning the line of reasoning and the conclusion reached above, the cases of National Postal Transport Association v. Hudson, 8 Cir., 1954, 216 F.2d 193 and Prudential Insurance Co. of America v. Carlson, 10 Cir., 1942, 126 F.2d 607 may be reconciled in that they may be said to have applied the same reasoning and method of approach, but to have reached the conclusion that under their applicable state rule on conflicts of law, the lex loci rather than the law of the forum applied. Insofar as the reasoning in these two cases may have been contra to that suggested, it is submitted that they are erroneous in view of Klaxon Co. v. Stentor Electric Mfg. Co., supra.

The defendants' argument is fundamentally based upon the proposition that in view of the existence of Federal Rule 54(d) and various federal statutes allowing specific items to be taxed as costs, such as 28 U.S.C. § 1920, a federal district court, even in diversity cases, is prohibited from taxing any costs not mentioned in the federal statutes and, therefore, from ever having reference to state statutes allowing certain expenses to be taxed as costs which are unmentioned or not covered in the federal statutes. This argument is fallacious in view of the cases cited above.

In McDaniel v. Standard Accident Insurance Company, 7 Cir., 221 F.2d 171, the Court of Appeals of this Circuit applied an Illinois statute on attorney's fees in a diversity case.

It is the court's opinion that the guardian ad litem's fees should be taxed as costs. It is not necessary for this court to pass upon the question as to whether they would be properly taxable to a defendant who prevailed in the case either because the case was groundless or was without merit. Here there was ample evidence to support the findings of the jury and the judgment based thereon. No motion was made following the judgment as specified in Rule 59(b).

The clerk is directed to tax the guardian ad litem's fees as a part of the costs when the guardian ad litem fee has been fixed. The amount of this fee will not be fixed until the question of plaintiffs' at-

torney's fees has been passed upon as the guardian ad litem will, no doubt, have further work in connection with protecting the interests of his ward on that question.