**Sylvia MIRON, a minor, by Herbert M. Hiller, her guardian ad litem, and Hermine E. Kalter, Plaintiffs,**

v.

**APCO CORPORATION, Systems Auto Parks and Garages, Inc., Alhambra Holdings, Inc., and Lois Smith, Defendants.**

**No. 66–C–217.**

United States District Court
E. D. Wisconsin.

Aug. 8, 1968.

Criminal Procedure. United States v. Manhattan Brush Co., supra at p. 6.

Edward P. Rudolph, Milwaukee, Wis., for plaintiffs.

Kluwin, Dunphy, Hankin & Hayes, by John A. Kluwin, Milwaukee, Wis., for defendant, Systems Parks and Garages, Inc.

Wickham, Borgelt, Skogstad & Powell, by Robert C. Watson, Milwaukee, Wis., for defendants Apco Corp. and Alhambra Holdings, Inc.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

This is a motion to review taxation of costs. The order for judgment entered in the case at bar provided that the guardian ad litem for the minor plaintiff, Sylvia Miron, was to receive $700.00 for his services. One half of the $700.00 was to be paid by the plaintiff and one half by the defendant, Systems Auto Parks and Garages, Inc. The clerk prepared the bill of costs on that basis.

The plaintiff now contends that this action was improper because the applicable Wisconsin statutes provide that guardian ad litem fees shall be allowed as a matter of course to the prevailing party. See Wis.Stats. § 271.01(1) and § 271.04(2) (1965). It is the plaintiff's contention that the federal district court is bound to follow state statutes regarding taxation of costs in a diversity case, and that therefore it was improper to apportion the guardian ad litem's fee.

The plaintiff's view of the law, however, is only partially correct. It is true that there is much language in the case law that in a diversity case the district court should apply state law as to costs, e.g., Gandall v. Fidelity and Casualty Co. of New York, 158 F.Supp. 879 (E.D.Wis.1958); Brown v. Consolidated Fisheries Co., 18 F.R.D. 433 (D.Del.

1955). However, this is true only when the federal law is silent on the precise issue. Brown v. Consolidated Fisheries Co., supra.

In the Gandall Case, supra, cited by the plaintiff in support of her contention, the court held that no federal statute or rule covered the precise question of the allowance of guardian ad litem fees. The court then determined that it should follow the state provisions which permit the recovery of such fees as costs. But in the same case, the court also noted at page 880 of 158 F.Supp. that:

"* * * federal courts in diversity cases are not bound by state law when a federal statute or rule covers the question, * * *"

We must therefore distinguish between the allowance of guardian ad litem fees as costs per se (on which there is no federal law) and the question of whether the federal court must allow *all* of these fees to the prevailing party.

While the Wisconsin statute dealing with this question specifies that

"Except as otherwise provided in this chapter, costs shall be allowed of course to the plaintiff on a recovery." Wis.Stat. § 271.01(1) (1965)

Rule 54(d), Federal Rules of Civil Procedure, provides that

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs* * * *" (emphasis supplied)

The Wisconsin statute appears to allow no discretion, but rule 54(d) specifically provides for the exercise of discretion by the district judge. Rule 54(d) speaks to the issue before us, and therefore Wis.Stat. 271.01(1) is not controlling. See Kellems v. California CIO Council, 6 F.R.D. 358 (N.D.Cal.1946); Brown v. Consolidated Fisheries Co., supra; Barrett v. Rosecliff Realty Co., 9 F.R.D. 597 (S.D.N.Y.1950); Gandall v.

Fidelity and Casualty Co. of New York, supra.

In the exercise of a sound discretion, the court need not allow all costs to the prevailing party. 3 Barron and Holtzoff, Federal Practice and Procedure (Rules Ed.), § 1195 at 44. In the exercise of that discretion, costs may be apportioned. See 6 Moore's Federal Practice (2d ed.) § 54.70[5] at 1308. That is what was done in this case with the guardian ad litem fees.

It is therefore ordered that the plaintiff's motion for a review of taxation of costs be and hereby is denied.