**TRAVELERS INDEMNITY CO., etc.**

v.

**ROSEDALE PASSENGER LINES, INC., etc.**

**Civ. No. 19459.**

United States District Court,
D. Maryland.

June 21, 1972.

Paul V. Niemeyer, of Baltimore, Maryland, for plaintiff.

William F. Mosner and Thomas G. Bodie and Power and Mosner, of Baltimore, Maryland, for defendant.

FRANK A. KAUFMAN, District Judge.

In Travelers Indemnity Co. v. Rosedale Passenger Lines, Inc., 450 F.2d 975

(4th Cir. 1971), the Fourth Circuit reversed this Court's judgment for the plaintiff Travelers, 311 F.Supp. 993 (D. Md.1970), and remanded this case to this Court with instructions to enter judgment for Rosedale, the defendant. In so reversing and remanding, the Fourth Circuit held that Travelers had breached its duty, under the automobile liability policy it had issued to Rosedale, to defend Rosedale in a suit against the latter by third party claimants. The facts involved in the controversy between Travelers and Rosedale are set forth in the aforementioned opinions of the Fourth Circuit and of this Court.

After the reversal and remand order was entered herein by the Fourth Circuit, Rosedale petitioned this Court, pursuant to Rule 54 of the Federal Rules of Civil Procedure and Rule 39 of the Federal Rules of Appellate Procedure, to tax those costs generally set forth in Rule 39(e) in favor of Rosedale, and further asked this Court to require Travelers to pay to Rosedale the amount of reasonable counsel fees incurred by Rosedale in defending against the suit brought by Travelers in this Court and in appealing the judgment of this Court to the Fourth Circuit. Travelers has contested only the claim for counsel fees. However, Travelers agrees that if Rosedale is entitled to counsel fees, then $2700.00, the amount Rosedale claims, is a reasonable figure.

Although neither Rule 54 nor Rule 39 mentions counsel fees as being included as taxable costs, neither rule precludes the same. Nor is an award of counsel fees in this case provided for or precluded by any federal statute. As Professor Moore notes,

. . . in an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.

6 J. Moore, Federal Practice 1354–55 (2d ed. 1971) (citations omitted). *See* Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 555 *et seq.*, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Gandall v. Fidelity & Cas. Co., 158 F.Supp. 879, 880–81 (E.D.Wis.1958). *See also* McDaniel v. Standard Accident Ins. Co., 221 F.2d 171, 173 (7th Cir. 1955); Commonwealth Ins. Co. of N. Y. v. O. Henry Tent & Awning Co., 184 F.Supp. 723, 734 (N.D.Ill.1960). Accordingly, a consideration of the applicable state law, that is the law of the State of Maryland, is required in order to rule upon Rosedale's quest for an award of counsel fees, just as it was with regard to all of the other issues involved in this controversy.

In Cohen v. American Home Assurance Co., 255 Md. 334, 258 A.2d 225 (1969), the insured under a policy of automobile liability insurance instituted suit against the insurer, seeking a declaratory judgment to the effect that coverage existed under that policy for liability arising out of an automobile accident. The trial court held that the insured was covered and, additionally, awarded her a substantial portion of the attorney's fees and costs which she had incurred in bringing the action for a declaratory decree. The Court of Appeals of Maryland affirmed. Quoting from Erie Ins. Exchange v. Lane, 246 Md. 55, 64–65, 227 A.2d 231, 237 (1967), the Court of Appeals recognized that the traditional rule, applicable to litigation generally, is that "[i]n Maryland, except in special circumstances . . . the practice has been to require successful parties to pay their own counsel fee" (255 Md. at 351–352, 258 A.2d at 234). *See* Freedman v. Seidler, 233 Md. 39, 194 A.2d 778 (1963). Nevertheless, the Court of Appeals, noting that the courts in a number of jurisdictions had allowed counsel fees to be awarded to insureds

in similar factual and legal contexts, held in *Cohen* that the insured could recover the amount of her reasonable counsel fees. In so doing, the Court of Appeals expressly overruled (255 Md. at 363, 258 A.2d 225) Erie Insurance Exchange, *supra*, representing the traditional rule, to whatever extent such overruling was necessary to allow the recovery in *Cohen*. In that regard, Judge Smith wrote for a unanimous Court:

> We find persuasive the comment made in 7A Appleman, Insurance Law and Practice (1962), § 4691 where, after pointing to certain decisions holding that where an insurer failed to defend until after an adverse decision in a declaratory judgment action instituted by it, the insurer was not liable to pay the attorney's fees and expenses incurred by the insured in the declaratory judgment act "in the absence of fraud, bad faith, or stubborn litigiousness on the part of the insurer" and [sic] the author went on to comment:

>> "But, despite the qualifications placed upon this rule by the court, it still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had

never had the contract right mentioned above."

(255 Md. at 353–54, 258 A.2d at 235). Judge Smith also commented: "American Home produced the current situation when it refused to defend its assured" (255 Md. at 363, 258 A.2d at 239).

The instant case, as distinguished from *Cohen*, does not involve a quest for declaratory judgment. Nor does it involve a suit by Rosedale to compel Travelers to meet its obligations under the policy Travelers issued to Rosedale. Although the Fourth Circuit held that Travelers had breached the contract of insurance represented by that policy in failing to defend Rosedale in the tort suit brought against Rosedale by third parties injured in, or as a result of, an accident involving one of Rosedale's busses, Rosedale was not required to sue Travelers on account of that breach because Travelers, acting in accordance with the mandate of the then existing provisions of Md.Ann.Code art. 66½, § 131 (1957), paid the full amount of the default judgment obtained by those third parties. Thereafter, Travelers sought to recover that payment by this suit in this Court. That effort has ended in failure for Travelers and success for Rosedale. It is counsel fees in connection with its successful defense in this suit—counsel fees incurred in this case in this Court and in the Fourth Circuit—which Rosedale asks this Court to require Travelers to pay. Thus, Rosedale seeks recovery herein for counsel fees in a suit which Travelers, not Rosedale, initiated. In *Cohen*, the initiating plaintiff was the insured. Here, it is the insurer.

■ This Court does not understand the *Cohen* decision to turn upon the strictly procedural question of whether the insured *initiated* litigation in order to enforce his policy rights. Were that the case, an insured who is the successful *defendant* in a declaratory judgment

action brought by an insurer seeking a determination that the insured is *not* covered by the policy would not be entitled to recoup counsel fees. Rather, *Cohen* appears founded upon considerations of public policy which transcend such procedural distinctions. As noted in the quotation from Appleman set forth in *Cohen*,[1] one of an insured's purposes in purchasing an automobile liability insurance policy is to insure against personally having to pay counsel fees potentially involved in defending himself against tort suits instituted by third parties. That purpose is largely defeated if an insured is required personally to bear attorney's fees incurred in a suit to compel the insurer to undertake the latter's policy obligations. That rationale is equally applicable in the instant case. Here Travelers, after paying the amount of the default judgment to the third party claimants, brought suit against Rosedale for that amount in the belief that it (Travelers) could obtain reimbursement from Rosedale because of the latter's alleged violations of its contract obligations under the insurance policy. The Fourth Circuit has determined that Travelers has no such right to recovery. Just as in *Cohen*, the insured herein was put in the position, albeit in a different procedural setting, of having to engage attorneys in order to protect its policy right to have the insurer assume the *ultimate* burden of paying the amount of the third parties' tort judgment. Thus, the rationale underlying *Cohen* requires this Court to award to Rosedale the amount of the counsel fees which it has incurred for representation in this case, in this Court and in the Fourth Circuit, namely, $2700.00. Judgment for $2700.00 in favor of Rosedale, with costs of this proceeding to be borne by Travelers, is accordingly hereby entered.

It is so ordered.